(No. 28351.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER SILVIA, Plaintiff in Error.

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

DWIGHT H. Doss, of Monticello, and B. L. KIRK, of Champaign, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and CARL I. GLASGOW, State's Attorney, of Monticello, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

An indictment consisting of three counts was returned in the circuit court of Piatt county against the defendant,

Walter Silvia, charging him with an assault with intent to commit rape. A jury returned a verdict of guilty. Motions for a new trial and in arrest of judgment were denied, judgment was rendered on the verdict and the defendant was sentenced to imprisonment in the penitentiary for an indeterminate period of from one to five years. Silvia prosecutes this writ of error.

The complaining witness, twenty years of age and unmarried, resided with her parents at White Heath. She was an employee of the M. and M. Store in Monticello. Her hours of employment were from nine to twelve o'clock in the morning and from one to six o'clock in the afternoon. She customarily commuted between White Heath and Monticello on an interurban train. On her return trip to White Heath, she usually boarded the train leaving Monticello at 6:04 P. M. According to her version, on February 24, 1944, about five minutes before 6:00 o'clock P. M., she was walking to the interurban station in Monticello when defendant, who was alone, stopped his automobile alongside her, approximately in front of the jail; that she had, on prior occasions, seen defendant at her place of employment, but had never before conversed with him; that he inquired if her destination was White Heath and, upon her affirmative reply, suggested she accompany him, stating he would arrive in White Heath before the interurban train; that she demurred but, upon his insistence, finally entered the automobile, taking a seat alongside defendant; that he drove north on the highway out of Monticello until Lodge Park was reached, and that when he commenced to turn into the park, she seized the steering wheel, knocked his arm away and screamed. Her testimony depicts her steadfast resistance to the advances of her assailant, and describes her escape from the car, a chase during which she was knocked to the ground, and her return to the automobile against her will. A narration

of the revolting details of the ensuing attempt to rape the complaining witness would serve no useful purpose. It is sufficient to state that her testimony, if believed, established the crime charged in the indictment. She further testified that when defendant desisted, he drove her to White Heath, where she alighted a short distance from her residence, and immediately repaired to the office of Dr. W. N. Sievers. She testified that she arrived at the physician's office at 6:20 or 6:25 o'clock P. M. Upon completion of an examination by the doctor, she went directly to her residence and reported the incident to her father. Later the same evening, accompanied by her father, she visited the sheriff of Piatt county and informed him of the assault. She positively identified defendant, Walter Silvia, as the man who attacked her, and his automobile as the one in which the assault occurred.

Grace Wood, well acquainted with the complaining witness, testified that she had known defendant for some time; that she was in the interurban station on February 24, 1944, about five minutes before six, and that, while there, she saw defendant and the complaining witness; that defendant was alone in his automobile; that he stopped the car, and that she saw complaining witness enter the automobile. She added that she saw them go north on the road out of Monticello; that it was sufficiently light to enable her to recognize individuals in the automobile, and that defendant was driving the car. Jack Wood, sixteen years old, a brother of Grace, testified that he was at White Heath on the afternoon of February 24; that the complaining witness alighted from a car beween 6:15 and 6:30 o'clock P. M., but that he did not recognize her companion who wore no hat and had light hair. Dr. Sievers corroborated the testimony of the prosecutrix, stating that she informed him at the time he examined her someone had made an assault upon her with intent to

commit rape. He further stated that her clothing was tousled and that there was dirt on her underclothing. Her father testified to her arrival home about 6:35 or 6:40 o'clock in the evening of February 24, 1944, and that she immediately complained to him of the assault.

Defendant, although admitting that, on several previous occasions, he had seen the prosecuting witness at the M. & M. store in Monticello, denied seeing or being with her at any time on February 24, 1944. He also denied he was responsible for the attack upon her. An alibi was relied upon as his principal defense. This he sought to establish by the testimony of Minnie Helm, his sister, Rosella Silvia, his wife, Lester Silvia, his brother, Richard Stiverson, his sister's fiance, and himself. Defendant, twenty-seven years of age, and a resident of Monticello on February 24, 1944, testified that he and his brother, Lester, were then employed at the Camp Creek Duck Farm, located about two and one-half miles north of Monticello; that they left their place of employment at 5:00 o'clock P. M., and that he arrived at his residence at about 6:20 o'clock. The intervening period between 5:00 and 6:20 P. M., was accounted for in his testimony by trips to a grocery store, to the southeast corner of the "Square" in Monticello, to a gasoline filling station, and to a garage, where he arrived at 5:45 o'clock P. M. and spent ten minutes, after which he returned to the "Square," ostensibly in an unsuccessful attempt to meet an insurance man who had visited the farm in the afternoon. He further testified that he then departed for his residence; that, upon his arrival, his wife, sister and brother were present, and that, about seven o'clock, these three and himself, accompanied by Stiverson and Dorothy Scott, a friend of his brother, went to Decatur in Stiverson's car and did not return to Monticello until around midnight. The testimony of Stiverson, Lester Silvia, Minnie Helm and Rosella Silvia tended to corroborate

defendant as to his movements in Monticello at various times from shortly after 5:00 o'clock in the afternoon of February 24 until about 5:55 o'clock and, also, for the remainder of the evening subsequent to 6:15 or 6:20 o'clock.

To obtain a reversal, errors in giving and refusing instructions are charged. The instructions complained of are not set forth in defendant's brief, which merely directs us to the pages in the record where the instructions appear. This court does not explore the record for this purpose. The abstract discloses that objections were not made to the court's action in either giving or refusing instructions. The propriety of the challenged instructions is not open to consideration. (*People* v. *Doss*, 384 Ill. 400; *People* v. *Hughey*, 382 Ill. 136.) Apart from the fact that the right to complain as to their correctness has not been properly preserved, a perusal of the given instructions assailed shows that they properly stated the law pertaining to the subject matter involved and, for the most part, constituted stock instructions. These instructions are not vulnerable to the attack made upon them. In the refused instructions, either the subject matter attempted to be covered had already been included in other given instructions, or the instructions themselves did not properly state the law applicable to the evidence.

Defendant relies principally upon the claimed error of the trial court in refusing to grant his motion for a new trial. Upon this motion, in addition to other reasons assigned, defendant presented an affidavit executed by one Robert Chumbley, setting forth that "on or about" the twenty-fourth day of February, 1944, while sitting at the west window of the interurban station awaiting the 6:04 interurban train, he, Chumbley, observed prosecuting witness enter an automobile which came from a different direction than testified to by her, and that the automobile was of a different make, construction and color than de-

fendant's automobile. Affiant further stated that he did not observe, and could not give a description of, the driver of the automobile. In an accompanying affidavit, defendant's attorney stated it was not until about a month after the trial that he learned of Chumbley and his willingness to testify. Subsequent to the hearing on the motion, a supplemental affidavit by Chumbley was presented, which the court refused permission to file, changing the statement as to the time when he had seen complaining witness, from "on or about," to the specific date, February 24, 1944. It is insisted that a new trial should have been granted on Chumbley's affidavit, alone. Applications for a new trial on the ground of newly discovered evidence are subjected to close scrutiny. The burden is upon the applicant to rebut the presumption that the verdict is correct and the evidence must meet the following requirements: It must (1) appear to be of such a conclusive character that it will probably change the result if a new trial is granted, (2) have been discovered since the trial, (3) be such as could not have been discovered before the trial by the exercise of due diligence, (4) be material to the issue, and (5) not merely cumulative of the evidence offered on the trial. (*People* v. *Marino*, 388 Ill. 203; *People* v. *Tillman*, 383 Ill. 560; *People* v. *Buzan*, 351 Ill. 610.) Apart from its indefiniteness as to the date on which he observed the prosecuting witness, the affidavit of Chumbley represents merely cumulative evidence. It tends to contradict the testimony of the complaining witness and Grace Wood as to the direction from which the automobile came, and of the prosecutrix and Jack Wood as to its color, make and construction. Neither is the subject matter of the affidavit of such a conclusive character as to probably change the result if a new trial were granted. Moreover, by the exercise of due diligence, it could and should have been discovered before the trial. The trial court is vested with wide discretion in the matter of allowing a new trial, and,

from a consideration of the two affidavits, it cannot be said that the court abused its discretion in denying the motion.

Finally, it is contended that the verdict and judgment are manifestly against the weight of the evidence. Numerous reasons are assigned, defendant contending, first, that proof of an alibi is sufficient to warrant an acquittal if it raises a reasonable doubt of defendant's guilt. This is a correct statement of the law. (*People* v. *Heinen*, 300 Ill. 498.) Defendant further insists that this alibi evidence must *not* be considered in connection with all of the evidence in the case. Alibi is an affirmative defense, and where the *corpus delicti* is proved, together with evidence tending to show the guilt of an accused, the burden is on him to establish an alibi interposed as a defense, although upon the whole case his guilt must be proved beyond a reasonable doubt. (*People* v. *Bloom*, 370 Ill. 144; *People* v. *Weiss*, 367 Ill. 580; *People* v. *Kerbeck*, 362 Ill. 251; *People* v. *Heinen*, 300 Ill. 498.) A reasonable doubt is not raised merely because the evidence is conflicting or because there is some evidence of an alibi. (*People* v. *Bote*, 379 Ill. 245; *People* v. *Katsovitz*, 363 Ill. 187.) When the evidence offered to establish an alibi, even though taken to be true, does not cover the entire period when the crime was alleged to have been perpetrated, it is not convincing. (*People* v. *Bote*, 379 Ill. 245; *People* v. *Mitchell*, 368 Ill. 399; *People* v. *Schladweiler*, 315 Ill. 553.) The reasonable doubt as to the guilt of defendant arising out of the evidence of a defense of alibi must come from the fact that the evidence tends to show the impossibility or improbability of the presence of defendant at the time of the commission of the crime. Here, defendant, himself, was the only witness who accounted for the entire period during which the crime, according to the evidence of the complaining witness, was perpetrated. None of his other witnesses accounted for the time between 5:55 o'clock P. M. and 6:15 or 6:20 P. M. The testimony on behalf of the

People directly conflicts with the testimony adduced by defendant. Under these circumstances, it was for the jury to decide the question of defendant's guilt or innocence.

Defendant also contends that his conviction rests solely upon the testimony of the prosecuting witness, and that there is not a scintilla of corroborative evidence with respect to the details of the alleged crime. It is true that in prosecutions for assault with intent to rape, where the defendant denies the crime, the testimony of the prosecutrix, unless clear and convincing, should be corroborated by some other testimony, fact, or circumstance. (*People* v. *Garafola,* 369 Ill. 232; *Stevens* v. *People,* 158 Ill. 11.) Here, however, there was sufficient corroboration. Grace Wood testified that she saw the prosecuting witness enter defendant's car at the interurban station. Jack Wood, also, stated he saw her alight from an automobile in White Heath at the location and at approximately the same time as testified to by complaining witness. In addition, the evidence discloses that immediately upon arrival at White Heath she informed her doctor, later her father, and, still later the same evening, the sheriff of Piatt county, of the attack.

It is apparent that the jurors, by their verdict, believed the witnesses for the prosecution and not those testifying on behalf of defendant. The jury, acting within its province, has passed upon the credibility of the witnesses and has determined the weight of the evidence. Since we cannot say, from a review of the whole record, that the jury's verdict is manifestly contrary to the weight of the evidence, the conviction will not be disturbed.

The judgment of the circuit court of Piatt county is affirmed.                            *Judgment affirmed.*