(No. 36438.—

The People of the State of Illinois, Defendant in Error, *vs.* Paul Dixon, Plaintiff in Error.

*Opinion filed September 22, 1961.*

BERNARD B. BRODY, of Chicago, (RICHARD H. DEVINE, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Paul Dixon, and one John Streigel were tried by the court without a jury in the criminal court of Cook County for the crime of burglary. Streigel entered a plea of guilty after the State had presented its evidence, and the trial proceeded as to the defendant, resulting in a finding and judgment of guilty. The case is now here on a writ of error brought by the defendant Dixon alone.

One of the defendant's principal contention is that the trial judge erred in denying defendant's motion for the exclusion of witnesses. The record shows that prior to the introduction of any evidence defendant's counsel moved to exclude witnesses. The trial judge denied the motion and said, "Well, I don't like to do that." The question of whether denial of a defendant's timely motion to exclude all witnesses in a criminal case constitutes reversible error has never been squarely presented to this court, although in the early case of *Errissman v. Errissman,* 25 Ill. 119, we held that the exclusion of witnesses in a civil case was within the discretion of the court and further held that we would not inquire whether that discretion was judiciously exercised. In *People v. Reed,* 333 Ill. 397, the defendant moved that all witnesses be excluded. The court allowed

the motion except as to one witness, whose testimony was material. We held that exclusion of witnesses was discretionary, although we pointed out that such a motion is seldom denied. We held that under the circumstances of that case, no abuse of discretion had been shown. In the capital case of *People* v. *Townsend,* 11 Ill.2d 30, the trial court entered an order excluding witnesses, but permitted a police officer, who was a material witness, to remain in the courtroom throughout the trial. We held that the exclusion of witnesses was a matter within the sound discretion of the court and that the exercise of such discretion would not be disturbed unless a clear abuse, or prejudice to the defendant was shown. There are expressions in other cases, not squarely involving a denial of such a motion, that the exclusion of witnesses is discretionary. Cf. *People* v. *Winchester,* 352 Ill. 237.

The view that exclusion of witnesses is discretionary seems to be the rule in the great majority of jurisdictions. (See 53 *Am. Jur., Trial,* sec. 31; 6 *Wigmore, Evidence,* 3rd ed., sec. 1839, p. 359; Annotation, 32 A.L.R. 2d 358.) However, in his discussion of the rule, Professor Wigmore, while recognizing the majority rule, is strongly of the opinion that exclusion should be allowed as a matter of right. He says: (pp. 354, 357) "But when all allowances are made, it remains true that the expedient of sequestration is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in the court of justice. Its supreme excellence consists in its simplicity and (so to speak) its automatism; for, while cross-examination, to be successful, often needs the rarest skill, and is always full of risk to its very employers, sequestration does its service with but little aid from the examiner, and can never, even when unsuccessful, do serious harm to those who have invoked it.  *  *  * It seems properly to be demandable as of right, precisely as is cross-examination. In the first place, it is simple and

feasible. In the next place, it is so powerful and practical a weapon of defense that no contingency can justify its denial as being a mere formality or an empty sentimentality. In the third place, in the case when it is most useful (namely, a combination to perjure), it is almost the only hope of an innocent opponent. After all is said and done, the fact remains (as Sir James Stephen has declared, out of a lengthy experience as a criminal judge) that successful perjury is always a possible feature of human justice. No rule, therefore, should ever be laid down which will by possibility deprive an opponent of the chance of exposing perjury. Finally, it cannot be left with the judge to say whether the resort to this expedient is needed; not even the claimant himself can know that it will do him service; he can merely hope for its success. He must be allowed to have the benefit of the chance, if *he* thinks that there is such a chance. To require him to show some probable need to the judge, and to leave to the latter the estimation of the need, is to misunderstand the whole virtue of the expedient, and to deny it in perhaps that very situation of forlorn hope and desperate extreme when it is most valuable and most demandable. * * * The most that ought to be conceded to the judge is to refuse an order of sequestration where it does not appear to be asked in good faith, *i.e.* not in the honest hope of exposing false testimony, but merely to obstruct the trial or to embarrass the opponent's management of his case."

In many of the cases adhering to the majority rule, courts of review have reviewed the exercise of the trial judge's discretion and have held it to be reversible error to deny a timely motion for exclusion. (*Jones* v. *State,* 185 Md. 481; 45 Atl. 2d 350; *Commonwealth* v. *Turner,* 371 Pa. 417, 88 Atl. 2d 915; *Smith* v. *State,* 52 Tex. Crim. 80, 105 S.W. 501; *Huffman* v. *Commonwealth,* 185 Va. 524, 39 S.E.2d 291.) In other cases in which the courts have held that denial of such a motion is not reversible er-

ror, the courts have stated that such a motion is rarely denied. (*People* v. *Reed,* 333 Ill. 397; *Wilson* v. *State,* 52 Ala. 299; *State* v. *Sweet,* 101 Kan. 746, 168 Pac. 1112.) In *People* v. *Cooke,* 292 N.Y. 185; 54 N.E.2d 357, the New York Court of Appeals referred to Professor Wigmore's view that exclusion should be a matter of right, but held that the rule in New York was that exclusion was discretionary. The court stated, however, that it was hard to understand why such a motion should not be granted as of course.

We are satisfied from a study of these and other authorities that the majority rule is a sound one and that the exclusion of witnesses should be a matter within the sound judicial discretion of the trial court. However, we are also of the opinion that a motion to exclude witnesses should normally be allowed, although it may be proper in a particular case to permit one or more witnesses to remain in the courtroom, as in the *Townsend* and *Reed cases.* In order to uphold the denial of a motion to exclude, the record should disclose a sound basis for such denial. The only reason which the trial judge assigned for the denial of the motion in the present case was that he did not "like to do that." We are of the opinion that when the trial judge denied the motion in the present case he failed to exercise sound judicial discretion. Where the record discloses an arbitrary denial of a motion to exclude witnesses, as in the present case, it is not necessary for the defendant to establish that he has been prejudiced thereby. Such a showing would be impossible or inordinately difficult to make in any case, for it can not be shown how the testimony might have differed had the motion been allowed.

The judgment of conviction is reversed and the cause is remanded for a new trial. We find it unnecessary to pass upon the other assignments of error for they relate to matters which will probably not arise on a new trial.

*Reversed and remanded.*