(No. 35543.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN CHENNAULT, Plaintiff in Error.

*Opinion filed March 23, 1962.*

LESTER SHAPIRO, and SHERMAN C. MAGIDSON, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

The defendant, John Chennault, was tried by the court without a jury in the criminal court of Cook County for the unlawful sale and possession of narcotic drugs. The court found the defendant guilty of the unlawful sale of narcotic drugs and sentenced him to the Illinois State Penitentiary for a term of not less than 10 nor more than 12 years. The case is here on writ of error.

Defendant's contention of error is based solely on the trial court's denying defendant's motion to disqualify officer Charles Wilson as a witness for the State. The record discloses that prior to the introduction of any evidence defendant's counsel moved to exclude all witnesses. At this time one of the counsel for the State informed the trial judge that the State had only one witness. Another counsel

for the State handled the actual interrogation. During interrogation of officer Claude Wiley, Jr., by the State, defendant's counsel advised the court that a second State's witness, officer Charles Wilson, was present in the courtroom and that he would object to this witness's testimony since he had not been excluded. The court ruled that the State might have one police officer in the courtroom who could be Officer Wilson.

Officer Wilson remained in the courtroom during the testimony of Officer Wiley. When Officer Wilson was called to testify, defendant's counsel objected to his testimony on the ground this officer was present in the courtroom although defendant had moved to exclude witnesses and had been told that the State had only one witness. The court permitted Wilson to testify on the ground that it was a long esablished practice of the criminal court of Cook County to allow the State to have one police officer present in the courtrom during a criminal trial. Wilson's testimony was corroborative of Wiley's.

The exclusion of witnesses is a matter within the sound discretion of the court and the exercise of that discretion will not be disturbed unless a clear abuse or prejudice to the defendant is shown. In *People* v. *Reed,* 333 Ill. 397, where the defendant moved that all witnesses be excluded and the court allowed the motion except as to one material witness, we held that the exclusion of witnesses was discretionary and that the court had not abused its discretion. In *People* v. *Townsend,* 11 Ill.2d 30, the court permitted a police officer who was a material witness to remain in the courtroom. We held this was not error since no prejudice to defendant was shown. Likewise, in *People* v. *Strader,* 23 Ill.2d 13, we held since there was no showing of prejudice, there was no reversible error committed by the trial court exempting an officer from the order excluding witnesses from the courtroom.

While it appears in the instant case that one of the prosecuting attorneys at the outset indicated there was one witness only, yet the other prosecuting attorney early indicated Officer Wilson would be a witness when defendant's counsel raised the question. The court considered its usual practice of permitting one police officer to remain in the courtroom. No prejudice is shown to have resulted from the court's ruling. We cannot in this state of the record find any arbitrary abuse of discretion or any prejudice to the defendant causing reversible error. The case of *People v. Dixon,* 23 Ill.2d 136, recently decided by this court, was entirely different from the instant case, as there the court denied the motion to exclude simply because he didn't like to exclude witnesses. The judgment is therefore affirmed.

*Judgment affirmed.*