25 Ill.2d 416 (1962)
185 N.E.2d 154
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error,
v.
WILLIAM MACK, Plaintiff in Error.
No. 36262.
Supreme Court of Illinois.
Opinion filed September 28, 1962.
*417 JOHN I. LUNDMARK, of Argonne, appointed by the court, for plaintiff in error.
WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE HERSHEY delivered the opinion of the court:
Defendant was tried by the court without a jury on charges of rape and armed robbery. He was found guilty of both crimes and was sentenced to the penitentiary for a term of twelve years for rape and for from one year to twelve years for armed robbery. On this writ of error, he contends that the evidence is insufficient to sustain the findings of guilt, and that the trial court erred in refusing to exclude from the court room one of the People's witnesses during the testimony of the complaining witness.
Two witnesses testified for the People, the complaining witness and one of the arresting officers. The complaining witness testified that she was returning from work in the early morning hours of April 5, 1960. She got off a bus at 63rd and Langley in the city of Chicago and started to walk to her home at 6349 Champlain. At 63rd and Champlain a man walking in the same direction passed her. When *418 she tried to pass him, he grabbed her arm, and he then grabbed her around the mouth, put a knife to her throat, and told her if she screamed again he would kill her. He forced her into a vacant lot. He took her purse and asked for money. She told him she had no money in her purse. He kept insisting she had some money. She then took a coin purse from her person, and he took eight dollars from the purse. He then forced her to stoop over, remove her pants, and submit to sexual intercourse, and threatened to kill her if she screamed or told anybody.
The complaining witness testified that she then ran home, and that on her way home the man who lived next door came out, stopped her, and asked her what was wrong. She testified that she told him that a man had just raped and robbed her. The neighbor asked her if she wanted him to call the police, and she said, "Yes." At that time she was in front of her house, and she ran on upstairs into the house. The police subsequently arrived at her apartment.
The complaining witness further testified that she went with the police to the scene of the crime, where they found her coin purse, and that they then took her to the hospital. She testified that at the time she went to the hospital her nose was bleeding badly where the man's fingernail had dug into the side of her nose when he grabbed her around the mouth.
The complaining witness went to work the next evening and after work met officers Johnson, Howard and Hall, who drove her to 63rd Street and South Park, where they stopped the car and waited at the curb. She saw a man standing across the street. She got out of the car, walked past the man slowly, walked back to the officers and told them that he was the man. Thereupon the officers arrested the defendant. The complaining witness also identified the defendant in the courtroom as her assailant and she testified that she had been able to see him by the light on a back porch which lit up two yards.
*419 The only other witness for the People was William R. Johnson, one of the arresting officers. He testified that he arrested the defendant on the street at about 410 East 63rd Street around 1:05 A.M. April 6, 1960, and that officers Howard and Hall and the complaining witness were with him at that time. He also testified that he first saw the complaining witness on the street at about 6333 South Champlain on the morning of April 5, 1960, at about 1:40 A.M. Although the record is not clear on this point, it appears that, when arrested, the defendant denied the charges.
The defendant testified in his own defense. He denied that he had raped or robbed the complaining witness and testified that the first time he ever saw her was when he was arrested. He also relied on an alibi, stating that he had slept with one Daisy Donley at her home on the night in question. His testimony in this regard was substantially corroborated by Mrs. Donley and her daughter, Iris Wilson, who testified for the defendant, although they were asleep during the crucial time when the crime was committed.
Defendant makes two contentions concerning the sufficiency of the evidence. He contends first that the evidence is insufficient to sustain the conviction of rape because of the lack of corroboration of the testimony of the complaining witness. He also contends that neither the rape nor robbery conviction can be sustained because his identity as the person who committed the crimes was not satisfactorily established.
It is true, as defendant forcefully points out, that the State failed to produce corroborative evidence which should have been available. For example, neither the neighbor to whom the prosecutrix testified she made a complaint nor the doctor who examined her at the hospital was produced. Although the complaining witness testified to the finding of her purse at the scene of the crime by the police, officer Johnson, the only policeman to testify, was not interrogated on this aspect of the case. Defendant argues that this failure *420 to corroborate the testimony of the complaining witness requires that his conviction on the rape charge be reversed, and cites, in support of this contention, a number of decisions in which, in reversing rape convictions we have emphasized the absence of corroborating evidence. (People v. Kazmierczyk, 357 Ill. 592, 598; People v. Silva, 405 Ill. 158, 162.) We do not, however, regard these cases as establishing an inflexible rule of law requiring in all cases that the testimony of the complaining witness in a rape case must be corroborated. Indeed, we have frequently stated that corroboration is not necessary where the testimony of the complaining witness is clear and convincing. (People v. Walden, 19 Ill.2d 602, 608; People v. Trobiani, 412 Ill. 235, 240; People v. Polak, 360 Ill. 440, 445.) The unvarying rule of law is that in a rape case, as in any criminal case, the evidence must be sufficient to establish the guilt of the defendant beyond a reasonable doubt. Where we have reversed cases because of failure to corroborate the testimony of the complaining witness, we have done so not because of any fixed rule requiring corroboration but because, upon the state of the record in the particular case, the evidence left a reasonable doubt as to the guilt of the defendant. Most of these cases involved situations where the evidence was conflicting on the question of whether or not the complaining witness had actually been raped, and we have held that, in such cases, there should ordinarily be additional evidence to corroborate the testimony of the complaining witness. In this case, however, the disputed testimony is not on the issue of whether the crime was committed, but, rather, on the identity of the defendant as the person who committed the crime. Although the record suggests that it would have been possible for the State to have produced additional corroborating evidence, such evidence would have merely strengthened the uncontradicted testimony of the complaining witness that she had been robbed and raped. It would have shed no light on the disputed question of the *421 identity of the defendant as the person who committed these crimes. The testimony of the complaining witness is not inconsistent nor does there appear to be any reason for regarding it as unworthy of belief. Under these circumstances, we cannot say that her testimony is insufficient to establish the crime of rape, without further corroborating evidence.
Defendant also contends that the identification testimony is insufficient, particularly in view of the alibi evidence presented by the defense. At the trial, the complaining witness unequivocally identified the defendant as the man who robbed and raped her. She testified that she was standing right next to the man and was looking at him while he was examining the contents of her purse. She further testified that there was a light on a back porch nearby. Positive identification by one witness, who has ample opportunity for observation, may be sufficient to support a conviction. (People v. Lamphear, 6 Ill.2d 346.) The complaining witness positively identified defendant to the police and upon trial. In view of her proximity to the defendant and her testimony as to the lighting, we cannot say that her opportunity to observe was insufficient.
Defendant contends that the trial judge could not properly ignore his alibi evidence. The trial judge, in announcing his decision, indicated that he did not believe this alibi evidence. The testimony as to alibi was that of the defendant himself and of the two women, Daisy Donley and her daughter, Iris Wilson. Apart from the fact that the defendant had previously been convicted of two infamous crimes, there were other elements that cast doubt upon the credibility of the alibi testimony. For example, although Mrs. Donley testified that the defendant had been living with her for several days, he had not yet moved in and she had no idea of where he actually lived. We have repeatedly held that where a case is tried without a jury the determination of the credibility of the witnesses and the weight to be given *422 to their testimony is for the trial judge, and this court will not substitute its judgment on such matters for that of the trial judge, who saw and heard the witnesses. (People v. Dillon, 24 Ill.2d 122; People v. Sally, 17 Ill.2d 578; People v. Golson, 392 Ill. 252.) The trial judge was fully warranted in discounting defendant's alibi evidence.
The defendant, relying upon our recent decision in People v. Dixon, 23 Ill.2d 136, contends that the trial court committed reversible error in excepting officer Johnson from the motion to exclude witnesses. We have held that the defendant has no absolute right to have witnesses excluded (People v. Reed, 333 Ill. 397), and that the power to exclude witnesses is within the sound discretion of the trial court. (People v. Strader, 23 Ill.2d 13.) It is a common practice for a trial court, in granting a motion to exclude witnesses, to except, at the request of the State's Attorney, one witness for the People, frequently, but not always, one of the arresting officers. This practice has been upheld by this court on numerous occasions. (People v. Strader, 23 Ill.2d 13; People v. Townsend, 11 Ill.2d 30; People v. Reed, 333 Ill. 397.) Nothing in People v. Dixon, 23 Ill.2d 136, detracts from the validity of these decisions, and we have cited them with approval in a more recent decision. (People v. Chennault, 24 Ill.2d 185, 187.) In the Dixon case we reaffirmed the view that the exclusion of witnesses is a matter within the sound judicial discretion of the trial court, but added that a motion to exclude witnesses should normally be allowed, and that, in order to uphold the denial of a motion to exclude, the record should disclose a sound basis for such denial. In the Dixon case, the trial judge had flatly denied a motion to exclude witnesses with the remark, "Well, I don't like to do that." We reversed and remanded, holding, in effect, that such an arbitrary denial of a motion to exclude amounted to an abuse of discretion.
The present case involves no arbitrary denial of the motion to exclude. The motion was granted, except that *423 the court permitted one police officer to remain. In our opinion in the Dixon case, in the same sentence in which we stated that a motion to exclude witnesses should normally be allowed, we recognized that "it may be proper in a particular case to permit one or more witnesses to remain in the courtroom, as in the Townsend and Reed cases." (23 Ill.2d 136, 140.) That is what was done here. When the defense attorney objected particularly to officer Johnson remaining in the courtroom, the trial judge took the position that he would allow the State to keep one police officer, and that he was not in a position to tell which officer it should be. In this we can see no abuse of discretion.
The judgment of the criminal court of Cook County is affirmed.
Judgment affirmed.