THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLEVE ALDRIDGE, Defendant-Appellant.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY BYERS, Defendant-Appellant.

(Nos. 11923-4 cons.;

Fourth District—July 10, 1974.

John F. McNichols, of the State Appellate Defender's Office, of Springfield, for appellants.

John G. Satter, State's Attorney, of Pontiac (George S. Dzielak, of the Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The defendants here appeal from their convictions of misconduct by an inmate (Ill. Rev. Stat. 1971, ch. 108, ¶ 121) and engaging in mob action (Ill. Rev. Stat. 1971, ch. 38, ¶ 25—1(a) (1, 2, 3)) for their participation in breaking into the prison commissary and taking various commissary items during the October 2, 1971, Pontiac prison disturbance.

The defendants were not jointly indicted nor tried, but were charged in identical two-count indictments, and at their trials held on consecutive days the same witnesses were called with virtually identical testimony being given. Both defendants were found guilty of both charges and granted probation for a term of 5 years with the condition that they were 60 days in segregation in the Pontiac State Penitentiary. Their cases were consolidated for purposes of appeal.

■■ Count II of the indictment charging mob action alleges two criminal acts in the disjunctive—that defendants engaged in the use of force or violence disturbing the public by acting together with one or more other persons without authority of law, *or* assembled with others to do an unlawful act and in so doing injured certain commissary property. On appeal, the State confessed error as to Count II; thereby, it is found, properly conceding that by charging two separate acts which constitute

the offense of mob action, the charge did not set forth the nature and elements of the crime with certainty as is constitutionally required. U.S. Const., Amend. VI; Ill. Const. (1970), Art. I, sec. 8; *People v. Heard,* 47 Ill.2d 501, 266 N.E.2d 340.

The remaining issue then is proof beyond a reasonable doubt as to Count I—misconduct by an inmate by the destruction of property while participating in a disturbance or riot. The State's first witness was a prison guard who described the general geography of the prison yard and the events of the afternoon in question. He testified that there was an uproar or disturbance and from his guard tower he could see the area between the prison commissary and hospital. The guard testified that he heard a splintering noise from the end of the commissary building and observed splinters of wood and pieces of the door flying. He could see a number of inmates gathered there, and shortly thereafter, through a large window, could see some of the inmates inside the commissary although he could not directly observe the doorway itself. He testified that he then observed inmates running from the building with cigarettes, candy, and other small items, and upon orders from the assistant warden, fired several shots into the ground, which caused the disturbance to cease. The guard could not identify any of the inmates who broke the door, or entered the building, or left the area carrying commissary items.

Frank Smith, an inmate, testified that he was at the hospital where he worked as a nurse on the afternoon in question when he heard the disturbance and observed approximately 40 to 50 inmates breaking into the commissary, which was about 50 to 75 feet away from his vantage point. He observed about 20 inmates enter the commissary and then run out when the guard fired several shots. Inmate Smith named four inmates including the two defendants as being among those he saw come out of the commissary carrying goods. Smith testified that Byers, whom he knew well having previously worked with him in the hospital as a nurse, was carrying cigarettes when he ran toward another building, passing about 25 feet away from the hospital window from which Smith was watching. He further testified that Aldridge, whom he also knew as being a cook in the hospital kitchen, was carrying cigarettes, coffee, and bottles of hand lotion when he came out of the commissary and ran past the hospital within 10 feet of Smith on his way to the hospital kitchen door.

An inmate named Armitage testified that he knew both defendants and that he was with the State's witness Smith during the time in question. Armitage testified that there were some prisoners milling around outside the commissary door, but that only four or six actually broke

the door down, and that some prisoners who went into the commissary after the door was broken were not involved in breaking the door down. Armitage conceded that he did not observe the entire occurrence, but that he never saw either of the defendants in the area of the commissary, nor were they among those he saw fleeing after the guard fired several shots. Several inmates were called by the defense to testify that the defendants were elsewhere during the disturbance, and in particular that Byers was taking white inmates to an area where they would not be attacked by blacks during the riot. Time estimate discrepancies occur in the various alibi testimony so that it cannot be said they directly conflict with the testimony of the State's witness Smith. Both defendants testified in their own behalf, denying participating in the disturbance, breaking into the commissary, or taking commissary property.

■■ Positive identification by one credible witness who had ample opportunity for observation may be sufficient to uphold a conviction. (*People v. Mack*, 25 Ill.2d 416, 185 N.E.2d 154.) Here the defendants argue that the State only produced one incriminating witness whose credibility was attacked by showing that friction existed between him and at least one of the defendants as well as other black prisoners. In addition, as noted previously, defense produced several witnesses who testified that defendants were elsewhere at the time Smith said he observed them at the commissary. The sufficiency of identification ordinarily raises the question of credibility which is a matter for the trier of fact to determine. (*People v. Jackson*, 28 Ill.2d 566, 192 N.E.2d 873.) However, here, even inmate Smith, the sole witness who identified the defendants as being participants in the disturbance, did not testify that he saw the defendants break down the door or destroy any property, only that he saw them inside the commissary and that he saw them run out carrying goods. Therefore, viewed in the light most favorable to the People, and recognizing that the jury chose to believe inmate Smith's testimony that he saw the defendants flee from the commissary with goods, there is no evidence that the defendants caused, directed, or participated in the destruction of property as charged in Count I. The prosecution has the burden of proving beyond a reasonable doubt all material and essential facts constituting the crime charged. (*People v. Weinstein*, 35 Ill.2d 467, 220 N.E.2d 432.) Put in another way, every material allegation in an indictment must be proved beyond a reasonable doubt. *People v. Jamison*, 92 Ill.App.2d 28, 235 N.E.2d 849.

■■ Here the State proved there was a substantial disturbance in which the commissary door was broken down and items taken therefrom, but at best only produced one witness who testified that the defendants carried some goods out of the commissary. It must be remem-

bered that the defendants were not charged with theft, but with misconduct of an inmate by destruction of property. Destruction of property could only refer to the commissary door, or to the cigarettes and candy allegedly removed. There is no direct evidence that the defendants were among the 50 or so inmates seen milling around the door or that they were among the contingent which broke down the door. There is some evidence that the defendants were observed coming out of the commissary and running away carrying property, but there is no evidence that those items were destroyed by the defendants or consumed by them or that they were not returned to the commissary. In a criminal case, the burden is on the State not only to prove beyond a reasonable doubt the commission of the crime charged, but also to establish by the same degree of proof, that it was committed by the defendant. (*People v. Perkins*, 17 Ill.2d 493, 162 N.E.2d 385.) The burden rests on the prosecutor to prove its entire case beyond a reasonable doubt, and the presumption of a defendant's innocence is not overcome by speculation or by probabilities, and where the evidence is such as fairly permits an inference consistent with innocence, it will not support a conviction. (*People v. Johnson*, 31 Ill.2d 321, 201 N.E.2d 367.) There being no evidence that these defendants destroyed any property, their convictions must be reversed.

Reversed.

SMITH, P. J., and TRAPP, J., concur.