THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY DIXON, Defendant-Appellant.

First District (5th Division)   No. 62231

Opinion filed May 28, 1976.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial, defendant was convicted of the offense of battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—3) and sentenced to serve one year on probation. On appeal, he contends that the trial court erred when it: (1) failed to exclude prosecution witnesses, (2) found him guilty beyond a reasonable doubt, and (3) denied his motion for a new trial.

Defendant was charged with having committed two specific acts of battery on July 17, 1974, at 428 East 43rd Street when he intentionally and without legal justification struck two Chicago policemen with his crutch. This appeal is solely concerned with the alleged battery upon Patrolman W. Patterson.

At the commencement of defendant's trial, the State's Attorney moved to exclude all witnesses. The trial court excluded the defense witness and allowed the two complaining policemen to remain. Over defense objection the trial proceeded and the following evidence pertinent to this appeal was adduced.

*For the State*

*Paul Price*

He is a Chicago police officer. On July 17, 1974, at approximately 11:45 p.m., he dispersed certain disorderly persons near 428 East 43rd Street. After he had arrested two people at 456 East 43rd Street, he walked back towards 428 while his partner, Officer Patterson, backed their squad car down the street. As the light from the squad car crossed defendant's face, defendant said "get that m_____ f_____ light out of my eye." Thereupon, Price approached defendant and advised him that he was under arrest. As he reached for defendant's arm to assist him into the squad car, defendant struck him across the chest with his crutch. When Officer Patterson attempted to assist him, defendant struck Patterson with the crutch. After a short scuffle defendant was subdued and was taken to the hospital for treatment of some minor injuries he sustained.

*Officer Patterson*

He corroborated the prior testimony of Officer Price.

*For defendant*

*Bobbie Jones*

He was shooting pool at 428 East 43rd Street at the time of this incident.

He observed the police arrest two people. He saw defendant walking west on 43rd Street. When defendant was only three to four feet from the window where he was standing, the driver of the squad car jumped out of the vehicle and hit defendant in the forehead. Defendant's head was bleeding. The policeman grabbed defendant's crutch and defendant fell to the ground. The policeman knocked defendant's glasses off and then stepped on them. Defendant neither swung his crutch nor struck either officer.

On cross-examination he could not recall which officer was driving the squad car. He did not hear what was being said outside. He described the pool hall window as being two feet wide, but specifically denied that the bottom half of the window was painted or that there were pop machines in front of the window.

*Defendant Stanley Dixon on his own behalf*

On July 17, 1974, he was employed but on disability because he had rheumatoid arthritis in his hip and had undergone corrective foot surgery. As he was leaving the neighborhood after visiting some friends, he passed the scene of the disturbance. He never stopped walking as he passed the crowd. When he came to the pool hall the police shined a light in his face. He said "will you remove the light from my eye" because he could not see straight. He denied saying "get the m____ f____ light out of my eye." The officer driving the vehicle jumped out, said "you are one of those smart m____ f____," and hit him in the head. A struggle followed and his crutch was taken away. He denied ever hitting the policemen.

*Paul Price on rebuttal*

When he first saw defendant, defendant was leaning on his crutch near the doorway of the pool hall. He did not recall seeing Bobbie Jones at the scene. The windows in the pool hall were painted more than halfway up and there were pop machines in front of them. He did not know whether the poolroom floor and the sidewalk were on the same level. A person approximately six feet, two inches tall and standing on top of a table in the poolroom would be able to see outside.

Thereafter, both sides rested and the judgment of conviction was subsequently entered. Defendant's post-trial motion for a new trial incorporated the affidavit of A. J. Collins, the owner of the pool hall. Collins stated under oath that the painted portion of the pool hall window was approximately five feet from the floor and sidewalk level and that no pop machine was in front of the window on July 17, 1974. The trial court denied defendant's motion for a new trial and this appeal followed.

OPINION

■■ Defendant first contends that the trial court erred when it failed to exclude the prosecution witnesses, Officers Patterson and Price. It is well

settled in Illinois that a defendant has no absolute right to exclusion and that the power to exclude witnesses is within the sound discretion of the trial court. *(People v. Adams,* 41 Ill. 2d 98, 242 N.E.2d 167.) Nonetheless, a court of review will not hesitate to reverse a conviction where the trial court has clearly abused its discretion to exclude. *(People v. Dixon,* 23 Ill. 2d 136, 177 N.E.2d 206.) In the instant case, the trial court followed a long standing practice in the criminal division of the circuit court of Cook County of allowing one witness for the State, frequently an arresting officer, to remain in the courtroom. (See *People v. Mack,* 25 Ill. 2d 416, 185 N.E.2d 154; *People v. Chennault,* 24 Ill. 2d 185, 181 N.E.2d 74.) Moreover, when the motion to exclude was considered two separate battery charges were pending before the court. Since each policeman was at once both a complaining witness and an arresting officer for each of the charges there was a reasonable basis for allowing them to remain in the courtroom despite the possible danger of collusion or perjury. (Compare *People v. Dixon,* 23 Ill. 2d 136, 177 N.E.2d 206.) Since the trial court's ruling conformed with the long standing practice of the circuit court and was neither capricious nor arbitrary based upon the posture of the case at the time, it did not abuse its discretion by failing to exclude Officers Price and Patterson.

■■ Defendant next contends that he was not proved guilty beyond a reasonable doubt. Defendant's evidence suggests that he was walking by the scene of an unrelated disturbance and that he was attacked without cause by two policemen. According to the State's evidence, defendant failed to heed a general order to disperse and when later approached and arrested, resisted by striking both officers with his crutch. The trial court heard both versions of the incident and was able to observe the demeanor of the witnesses. It thereupon rejected defendant's version. A court of review will not substitute its judgment on factual questions which turn on the credibility of the witnesses for that of the trial court which was able to observe the demeanor of the witnesses. *(People v. Adams,* 113 Ill. App. 2d 205, 252 N.E.2d 35.) Conflicting testimony and corroboration of defendant's testimony by themselves do not require a reversal where the State presents sufficient evidence to convict. *(People v. Pelegri,* 39 Ill. 2d 568, 237 N.E.2d 453; *People v. Brown,* 19 Ill. App. 3d 757, 312 N.E.2d 789.) After carefully examining the record we cannot say that defendant has raised the type of reasonable or well-founded doubt that would merit a reversal of his conviction.

■■ Finally, defendant contends that it was error to deny his motion for a new trial. The affidavit of A. J. Collins, the pool hall owner, evidenced an unobstructed line of vision through the pool hall window and bolstered the eyewitness testimony of Bobbie Jones. A new trial should be granted when such evidence is material to the issues, is not

cumulative to evidence already offered at trial, has been discovered since trial and could not have been discovered before trial by the exercise of due diligence, and is of such a conclusive nature that it could determine the result of the cause. *(People v. Silvia,* 389 Ill. 346, 59 N.E.2d 821; *People v. Pennell,* 315 Ill. 124, 145 N.E. 606.) We believe that the facts contained in the affidavit would have been cumulative and would have failed to be so conclusive that a different result would have occurred. The facts would not have changed the testimony regarding the actions of defendant or the police. They would only have bolstered the credibility of Jones. Even if the evidence was of a more conclusive nature, defendant has not shown that it could not have been discovered prior to trial by the exercise of a reasonable amount of diligence. (See *People v. Davis,* 33 Ill. App. 3d 105, 337 N.E.2d 256.) Therefore, we reject defendant's final contention.

For the reasons stated above, we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.