THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CRAWFORD MOORE, Defendant-Appellant.

Second District   No. 79-175

Opinion filed February 20, 1980.—Modified on denial of rehearing May 21, 1980.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was found guilty by a jury of armed robbery and was sentenced to the Illinois Department of Corrections for a minimum of 4 years and a maximum of 8 years.

Defendant appeals, contending the trial court abused its discretion by denying his motion for a new trial which was based on the post-trial discovery of new evidence crucial to his defense. The new evidence defendant proposed to present was a witness who could corroborate defendant's alibi defense. The burglary defendant was charged with

occurred on November 10, 1977, at about 2:30 p.m. at a Fotomat in North Chicago. Defendant's testimony had been that on that date at that time he was in the city of Chicago at the home of Bernice Clay. According to defendant's testimony, he was present in the home all that afternoon from about noon or 1 p.m. until between 6 and 8 p.m. Bernice Clay took the car the defendant arrived in and went shopping about noon, returning about 5 p.m. At the time she left, Clarence "Beetle" Barnett, Henry "Jesse James" LeFlore, Clay's youngest son and defendant were in the home. The defendant only left the home once during Clay's absence and that was to go across the street to get a bottle of pop. Bernice Clay testified that upon her return, "Beetle," "Jesse,", the defendant and her son were in the home.

Prior to trial, defendant had filed a motion for continuance supported by affidavit alleging that there were two material witnesses to the defense who were currently unavailable to testify despite his diligent attempts to contact them. The witnesses were Henry LeFlore, the man known to the defendant at that time only as "Jesse James", and the woman James lived with, Sabrina Morris. Defendant, Clarence "Beetle" Barnett, Judy Summerville, defendant's girl friend, Fay Luna Campbell, and Campbell's daughter, Tasha, were staying with LeFlore and Morris during their sojourn in Chicago from November 9 to November 13. The continuance was granted as were several others for the same reason. Defendant testified at trial that Barnett had moved to Las Vegas and that LeFlore and Sabrina Morris had also moved, but he did not know where. It was later learned that LeFlore had moved to Detroit. He did not notify anyone of his return to Chicago, nor was he aware of defendant's predicament until 10 days before the post-trial hearing was held.

Defendant's timely motion for a new trial alleged that one of the witnesses, LeFlore, was now available to testify. A post-trial hearing was held, at which LeFlore testified.

■■ Defendant contends a new trial should have been granted, correctly citing *People v. Silvia* (1945), 389 Ill. 346, wherein the general criteria for granting a new trial based on newly discovered evidence is set forth at page 352:

> "[The evidence] must (1) appear to be of such a conclusive character that it will probably change the result if a new trial is granted, (2) have been discovered since the trial, (3) be such as could not have been discovered before the trial by the exercise of due diligence, (4) be material to the issue, and (5) not merely cumulative of the evidence offered on the trial."

Following a careful review of the record in this case and having heard arguments of counsel, we conclude that we need not reach the issue of whether the evidence proposed to be adduced by LeFlore's testimony would have properly warranted the granting of a new trial since we find

that defendant failed to exercise due diligence in discovering this same evidence prior to trial in the person of another witness. During trial and post-trial proceedings, a total of three persons testified that Bernice Clay's youngest son was present in the home with the defendant, Barnett and LeFlore the entire afternoon of November 10. LeFlore testified at the post-trial hearing that he was the father of the boy, and that the boy was 15 years old. During oral argument before this court, the boy's age at the time of defendant's trial was confirmed to be 15 years of age. In Illinois it is presumed that every person who is 14 years or older is competent to testify (*Shannon v. Swanson* (1904), 208 Ill. 52), and that a witness' competency is determined at the time of trial.

■■ Defendant has failed to advance any justification for his failure to call this young man as a witness in order to corroborate his alibi defense. Defendant must therefore be charged with failure to exercise due diligence to discover this evidence at the time of his trial, notwithstanding whatever diligent efforts he may have made to contact LeFlore. In light of the above we conclude the trial court did not abuse its discretion in denying the motion for a new trial.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

NASH and LINDBERG, JJ., concur.