(No. 35760.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT SPAGNOLIA, Plaintiff in Error.

*Opinion filed March 29, 1961.*

STEPHEN LEE, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The question in this case is the sufficiency of the evidence to establish the guilt of the defendant, Albert Spagnolia, of the crime of attempted burglary.

At approximately 11:45 P.M. on the evening of July 21, 1959, a housewife saw two men standing in front of a store owned by Erickson Pool Supplies, Inc., located at 3734 N. Cicero Avenue in Chicago. She watched them from the porch of her home, across the street and between 150 and 200 feet south of the store, for thirty minutes. During this time one of the men, identified as Manny Stasin, was standing by the door, which was recessed about three feet from the sidewalk, and "was like trying the door." The other man, the defendant, was standing near the curb. When traffic was heavy, or when a pedestrian passed the store, Stasin would rejoin the defendant at the curb. She called the police. Two motorcycle officers responded. The defendant was arrested as he approached one of them in front of the woman's home. Stasin was arrested by the other on Warwick Street, an east-west street intersecting Cicero between the store and the woman's home. One of the officers testified that when the men were arrested they denied having been together that night.

The two men were indicted for attempted burglary, and were tried together before a judge of the criminal court of Cook County. Both were found guilty, and the defendant was sentenced to the penitentiary for a term of not less than

three nor more than five years. On this writ of error he contends that the People failed to prove his guilt beyond a reasonable doubt.

Ralph Erickson, the president of Erickson Pool Supplies, Inc., testified that when he closed the store at about 9:00 or 9:30 P.M. on July 21, "there were no marks on the wood frame or the weather stripping surrounding the door," but that the following morning "there were indentations in the wood next to the lock, * * * the weather stripping had been damaged, and the door to some degree." The police officers did not examine the door immediately after the arrest, but their failure to do so relates only to the time span within which the offense occurred, and does not impair the effect of Erickson's testimony as establishing that a burglary was attempted that night.

The evidence that Stasin and the defendant were the men who attempted the burglary is circumstantial, but in our opinion it was sufficient to justify the trial judge in finding that their guilt was proved beyond a reasonable doubt. Their conduct, as described by a disinterested witness, was consistent with an attempt to break into the store, and it was hardly consistent with any other rational explanation.

Stasin testified that he had met a girl earlier that evening. She refused to get into his car and so he rode with her on a bus to the vicinity of the store. He then walked with her on Warwick and left her a block west of Cicero in the vicinity of her home. "She wouldn't tell me where she lived." He returned to Cicero and there "ran into" the defendant, whom he knew. The two men looked at aqualungs, water skis, and other equipment that was in the window. He said, "There was aqualungs on the floor inside, and the lady might have mistaken when I was pointing at those." Stasin testified that after twenty-five or thirty minutes spent in this way, he walked down Warwick to see if the girl whom he had left half an hour before "was anywhere

around." She was not, and he was arrested as he returned to Cicero Avenue.

The defendant testified that he had met a girl whom he knew as "Evvie" in a tavern earlier that evening, and had made an appointment to meet her between 10:30 and 11:00 P.M. at a street intersection a few blocks north of the store. She did not appear, and he began to walk south on Cicero. When he came to the corner of Cicero and Warwick he decided to take a bus. There he met Stasin. The defendant testified that he stood by the curb and Stasin moved "back and forth" between the curb and the window while they talked. The defendant admitted that soon after he started talking with Stasin he realized that the bus did not stop at Warwick, but he "just stayed there" until the police came.

We have often held that when "a defendant elects to justify or explain his presence at or near the scene of a crime, while denying participation, he must tell a reasonable story or be judged by its improbabilities." (*People* v. *Lobb*, 17 Ill.2d 287, 294; see also *People* v. *Malmenato*, 14 Ill.2d 52, 60; *People* v. *Meyers*, 412 Ill. 136, 145.) Here the defendant was present at the scene of the crime. The trial judge saw the witnesses and heard them testify and in our opinion he was justified in finding that the defendant's guilt was proved beyond a reasonable doubt.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*