People of the State of Illinois, Plaintiff-Appellee, v. Cecil Walker, Defendant-Appellant.

Gen. No. 49,524.

First District, Second Division.
July 3, 1964.

Arthur F. Cichorski, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Cecil Walker was arrested on February 12, 1960, in Chicago, for the unlawful sale of narcotics to John Leneir. He was found guilty in a trial without a jury and sentenced to from 10 to 14 years in the penitentiary. He appeals.

The principal witness for the prosecution was one John Leneir, a former narcotics user who had been active as a police informer. Leneir testified, and the court found, that on February 11, he conferred with the defendant. He was told by defendant to return the following day to the same vicinity if he desired to purchase narcotics. On February 12, 1960, Leneir went to Central Police Headquarters where he was searched by the police and given a sum of money, the serial numbers of the money being recorded by the police. There were no narcotics on Leneir's person at this time. Leneir, in the company of Officers Gary, Paschal and Smith, then proceeded to 48th Street between Indiana and Michigan Avenues, where he left the parked squad car and was trailed by Officer Gary. Leneir walked up Indiana Avenue to a poolroom where he met the defendant. The informant and defendant then left the poolroom and commenced walking together. Officer Gary was directly across the street and observed the two men leave the poolroom together. The pair, with Officer Gary trailing, then walked south on Calumet to 48th Street, east to South Park and south on South Park, stopping mo-

mentarily at a church near the corner of 49th Street and South Park, where the defendant retrieved a cigarette package from one of the church steps. Leneir testified he saw defendant remove two tinfoil containers from the cigarette package. These were later identified as the two packages which contained narcotics.

Officer Gary testified that he had followed the two men to this point and that they stopped, appeared to converse, and then move on again. They then proceeded to 51st Street, over to Prairie Avenue where they entered a building at 5138 South Prairie. During this circuitous journey of some 10 blocks, they were constantly under surveillance by Officer Gary. After the informant and defendant entered the building, Officer Gary remained outside.

After leaving the apartment the two men began walking north. Leneir testified that Walker at this point gave him two tinfoil packages in exchange for $6.00. Leneir said he would like to purchase more and they continued walking. Leneir then told the defendant he did not, after all, desire more at the present time. Walker then entered a restaurant. Officer Gary, still trailing from across the street, saw Walker enter the restaurant and he then returned to the squad car where the tinfoil packages which were received from Leneir were field tested and produced a positive reaction. The defendant stipulated that the packages turned over to the police by Leneir contained diacetylmorphine hydrochloride, commonly referred to as heroin.

Shortly thereafter the police officers, together with Leneir, entered the apartment at 5138 South Prairie Avenue where Walker was arrested. The money bearing the previously recorded serial numbers was never recovered.

 One of the contentions made by the defendant is that the presence of the arresting officer during the testimony of the informant after an exclusion or-

der and the permitting of his later testimony is reversible error. With this we do not agree. The name of Officer Gary was listed upon the back of the indictment. No objection was made to his testimony. Further it is the established practice in Cook County to permit the prosecution to except one officer to assist in the conduct of the case. The reception of Officer Gary's testimony was within the sound discretion of the court. People v. Miller, 26 Ill2d 305, at 307, 308, 186 NE2d 317; People v. Mack, 25 Ill2d 416, 185 NE2d 154; People v. Chennault, 24 Ill2d 185, at 186, 188, 181 NE2d 74.

■ The defendant urges that he cannot be convicted on the sole testimony of an accomplice or participant in an illegal transaction particularly if the witness is a narcotics user. The contention of the defendant is that this case is controlled by the case of People v. Bazemore, 25 Ill2d 74, 182 NE2d 649. In that case the conviction rested exclusively upon the testimony of an admitted narcotics user (John Leneir). In Bazemore, however, the testimony of the informant was uncorroborated and defendant was not kept under close surveillance. This court feels that the recent case of People v. Realmo, 28 Ill2d 510, 192 NE2d 918 is closer to the facts of the instant case and controlling. In Realmo the court said, page 513: "It is significant that in Bazemore there was no surveillance by police of any portion of the informer's activities in making the purchase, and the arrest of the defendant did not occur until some two months later. . . . Here one or more police officers observed substantially all of defendant's activity in making the controlled purchase except the actual transfer of the narcotics and the marked money; . . ."

The surveillance in Realmo was much the same as the surveillance in this case by Officer Gary. In the case at bar there was close police surveillance and an immediate arrest. The testimony of Leneir, an admitted

narcotics user, must be viewed with caution, State v. Fong Loon, 29 Idaho 248, 158 P 233; nevertheless, the Illinois Supreme Court has recently stated in People v. Norman, 28 Ill2d 77, page 82, 190 NE2d 819: "Although the testimony of a narcotics addict must be scrutinized with caution, his testimony may be sufficient to sustain a conviction if credible under the surrounding circumstances." In People v. Hines, 30 Ill2d 152, 195 NE2d 712 it was stated that the mere fact that a person is a confirmed addict and informer does not make his testimony unbelievable where, as in this case, there is ample corroboration.

Defendant maintains that reversible error was committed in unduly restricting his cross-examination of Leneir, particularly as to Leneir's addiction to narcotics. There was no dispute as to Leneir's former addiction. The record does not show an undue restriction in the cross-examination of the informer.

This court feels that there was credible evidence fully establishing defendant's guilt, and that the trial court could properly consider and weigh Leneir's testimony with knowledge of his addiction. People v. McCreary, 29 Ill2d 295, 194 NE2d 233; People v. Dillon, 24 Ill2d 122, 180 NE2d 503; People v. Oswald, 26 Ill2d 567, 187 NE2d 685; People v. Spagnolia, 21 Ill2d 455, 173 NE2d 431.

Finally defendant insists that he was not proved guilty beyond a reasonable doubt. The testimony of Leneir, the keeping of the appointment, together with the close surveillance by Officer Gary, the corroboration supplied by the positive field test and the stipulation that the substance given to the informer by the defendant was narcotics prove the defendant's guilt beyond a reasonable doubt. The judgment is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.