**People of the State of Illinois, Appellee, v. Clarence Walls, Appellant.**

**Gen. No. 50,752.**

First District, Fourth Division.

May 26, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall J. Hartman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Dean H. Bilton, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED
Burglary.*

DEFENSE AT TRIAL
Alibi.

JUDGMENT
After a bench trial, the court found defendant guilty and imposed a sentence of three to ten years.

POINT RAISED ON APPEAL
Defendant did not receive a fair trial because a State witness, the investigating police officer, was excepted from a general exclusion of witnesses.

OPINION
Pursuant to a well-recognized practice in the courts of this state, the judge, in excluding witnesses at the beginning of the trial, made an exception of the investigating police officer. This was done at the request of the Assistant State's Attorney for the obvious purpose of affording him ready access to the officer's knowledge of the case throughout the conduct of the trial. This practice has been repeatedly reviewed with approval, and, in some cases, even though the officer was permitted to testify without an express exception having previously

---

\* Defendant was also charged with rape and armed robbery, but was found not guilty of those offenses.

been made. People v. Washington, 81 Ill App2d 162, 225 NE2d 673; People v. Jackson, 58 Ill App2d 302, 305–308, 208 NE2d 385; People v. Walker, 50 Ill App2d 394, 396–397, 200 NE2d 26.

Determinative of the case at bar, and definitive on the subject, are the comments made by the Supreme Court in People v. Mack, 25 Ill2d 416, 185 NE2d 154. The defendant in that case, as in the instant case, had sought reversal on the basis of People v. Dixon, 23 Ill2d 136, 177 NE2d 206. In the Mack opinion the court said at pp 422–423:

> The defendant, relying upon our recent decision in People v. Dixon, 23 Ill2d 136, contends that the trial court committed reversible error in excepting officer Johnson from the motion to exclude witnesses. We have held that the defendant has no absolute right to have witnesses excluded (People v. Reed, 333 Ill 397), and that the power to exclude witnesses is within the sound discretion of the trial court. (People v. Strader, 23 Ill2d 13.) It is a common practice for a trial court, in granting a motion to exclude witnesses, to except, at the request of the State's Attorney, one witness for the People, frequently, but not always, one of the arresting officers. This practice has been upheld by this court on numerous occasions. (People v. Strader, 23 Ill2d 13; People v. Townsend, 11 Ill2d 30; People v. Reed, 333 Ill 397.) Nothing in People v. Dixon, 23 Ill2d 136, detracts from the validity of these decisions, and we have cited them with approval in a more recent decision. (People v. Chennault, 24 Ill2d 185, 187.) In the Dixon case we reaffirmed the view that the exclusion of witnesses is a matter within the sound judicial discretion of the trial court, but added that a motion to exclude witnesses should normally be allowed, and that, in order to uphold the denial of a motion to exclude, the record should disclose a

sound basis for such denial. In the Dixon case, the trial judge had flatly denied a motion to exclude witnesses with the remark, "Well, I don't like to do that." We reversed and remanded, holding, in effect, that such an arbitrary denial of a motion to exclude amounted to an abuse of discretion.

The present case involves no arbitrary denial of the motion to exclude. The motion was granted, except that the court permitted one police officer to remain. In our opinion in the Dixon case, in the same sentence in which we stated that a motion to exclude witnesses should normally be allowed, we recognized that "it may be proper in a particular case to permit one or more witnesses to remain in the courtroom, as in the Townsend and Reed cases." (23 Ill2d 136, 140.) That is what was done here. When the defense attorney objected particularly to officer Johnson remaining in the courtroom, the trial judge took the position that he would allow the State to keep one police officer, and that he was not in a position to tell which officer it should be. In this we can see no abuse of discretion.

DECISION

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.