People of the State of Illinois, Plaintiff-Appellee, v. Harold Bean and Robert Wilkinson, Defendants-Appellants.

Gen. No. 53,630.

First District, First Division.

March 9, 1970.

Rehearing denied April 6, 1970.

Jerome Feldman and Dennis L. Posen, of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendants were convicted in a bench trial upon the charge of attempted burglary. Each of the defendants was sentenced to a term of one to three years. This appeal seeks the reversal of their convictions upon the alleged insufficiency of the evidence produced at their trial. The defendants contend the State failed to prove the corpus delicti of the crime of attempt and that the evidence failed to produce a reasonable and moral certainty of their guilt.

All of the evidence, of which a great deal is circumstantial, was introduced by the State. The defendants did not produce any testimony on their behalf. The record discloses that at 2:15 a. m., on October 14, 1966, a burglar alarm board in the Village of Lyons police station was activated. The location indicated was the Stitt-Reed Corporation on 44th Place in that village. The physical characteristics of this area are that to the west of the corporation was an open field enclosed by a fence. Another factory was located to the east. To the south, across 44th Place were other factories and to the north was a vacant lot and a stone quarry.

Police responded to the alarm by taking separate squad cars to the Stitt-Reed building. Officer Burton

Stieg testified that he arrived at the front of the premises and checked the front door and rear door by pulling on the handles. The rear door is located on the north side of the building. Stieg then walked to the west side in order to check some windows. At this point, the defendant, Robert Wilkinson, was discovered some 20 feet from the building, lying in the field to the west, in some tall grass. Officer Stieg related that none of the factories in that area were in operation at that hour of that day. Furthermore, the nearest tavern was four blocks away and the closest all-night restaurant was located one mile from the Stitt-Reed location. The officer did not notice any vehicles in the vicinity besides the police squad cars.

The testimony of Lieutenant Schiefelbein was admitted by stipulation. He investigated the burglar alarm call at the Stitt-Reed Corporation on October 14, 1966. This officer went up to the roof of the building with his flashlight and while shining the beam into the field to the west discovered the defendant, Harold Bean. He was then arrested and Officer Schiefelbein also discovered what was described as a bolt cutter, commonly used for cutting metal bolts, within three to five feet of Bean. The instrument was admitted into evidence.

The State called Albert Guetler who was Vice-President of Stitt-Reed at the time in question. He testified that on October 13, 1966, he locked all of the windows and doors of the corporation at the close of that business day, at approximately 4:30 p. m. Guetler returned to the premises at 3:00 a. m. the next morning in response to a call from the police. He said he examined the rear door and discovered that the pins on the hinges had been removed. On cross-examination, this witness stated that the pins had been removed in one piece by pushing them out of the hinges. Guetler admitted that he did not go to the outside when he locked the rear door on October 13, 1966. When asked whether he knew if the

pins were in the door at that time, he responded: "I can best answer you this way: Had the pins been removed, the door wouldn't have locked."

At the conclusion of the State's case, defendants' counsel moved for a directed finding of not guilty. After extensive argument, the motion was denied by the trial judge who felt that sufficient circumstantial evidence had been presented. The defendants then rested their case and the trial court entered a finding and judgment of guilty as to both defendants.

The crime of attempt is defined in Ill Rev Stats, chapter 38, section 8–4 as follows:

"(a) Elements of the Offense. A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

The defendants argue that all of the evidence in the instant case does not prove conduct which amounted to a substantial step toward committing a crime. They contend that the evidence at best shows preparation only. According to defendants' theory, the only direct testimony was that defendants were present at the scene when the police officers responded to a burglar alarm. Defendants assert there was no physical damage to the building that proved a substantial step in committing the offense as charged. The argument also points out that the State did not prove what had activated the alarm; that the State failed to show that the pins were present when the building was closed the night before; and that the State did not connect the alleged bolt cutter to the removal of the pins from the hinges.

■■ The State answers these contentions by stating that the removal of the pins from the rear door was a substantial step toward committing the crime of burglary. We are in accord with the State on this ques-

294

tion. The determination of what constitutes the crime of attempt is a matter of degree, depending upon the circumstances of each case. In our opinion, the removal of the pins from the hinge of this door left only the removal of the door from its place as the final step in entering this building. The more important question is the issue of whether the evidence presented proved that the defendants were the persons who had removed these pins in order to burglarize the premises.

In most cases of this nature, proof of the crime must necessarily be based upon a great deal of circumstantial evidence. This case is no exception. The record in this appeal discloses that the trial judge relied upon several inferences in determining the defendants' guilt. The State contends that these were reasonable inferences which proved the defendants' guilt beyond a reasonable doubt. The State's contentions were summarized as follows:

> "It sorely tests the imagination to conceive of any other possible reason why two men would be lying in the deep grass with a three foot bolt cutter near one of the defendants, in the early morning, behind a building where the burglar alarm had gone off just minutes before, with no car nearby nor any other neighborhood buildings open, except that they were trying to hide from the police after an abortive attempt to enter the building."

 The defendants have cited many decisions to justify their position. Since the determination of this question must depend upon the facts of this case, we find these cases as factually inapplicable. However, the principles announced will aid our decision. In People v. Magnafichi, 9 Ill2d 169, 137 NE2d 256 (1956), a burglary conviction based on circumstantial evidence was set aside. The Supreme Court stated at page 173 as follows:

> "To justify a conviction, circumstantial evidence must be of such a nature as to produce a reasonable and moral certainty that the accused committed the crime. Where the circumstances can be explained upon a reasonable hypothesis consistent with innocence and leave a serious and grave doubt of guilt, a conviction cannot stand."

The Magnafichi court also noted that because of the presumption of innocence, a defendant need not explain his presence in the vicinity where a burglary occurred. People v. Connie, 52 Ill App2d 221, 201 NE2d 641 (1964) and People v. Dougard, 16 Ill2d 603, 158 NE 2d 596 (1959) hold that it is the duty of a reviewing court to resolve all the evidence on the theory of innocence rather than guilt if that may be reasonably done.

██ ██ We are completely in accord with these principles. However, we are in disagreement with the defendants as to their contentions. In our opinion, this record contains substantial circumstantial evidence which only leads to the conclusion that defendants were proved guilty beyond a resonable doubt. The record shows that the trial judge had to rely upon reasonable inferences from the evidence presented. According to the case of People v. Jackson, 98 Ill App2d 296, 240 NE2d 482 (1968), at page 302, "the trier of fact is not required to search out a series of potential explanations compatible with innocence, and elevate them to the status of a reasonable doubt." Similarly, our Supreme Court has expressed this same principle in connection with jury determination in People v. Russell, 17 Ill2d 328, 161 NE2d 309 (1959).

██ The trial judge relied upon several natural inferences in finding the defendants guilty. The record shows that the defendants were arrested within close proximity to a building where a burglar alarm had sounded. It can be reasonably inferred that the removal of the pins activated the alarm. We think that

the trial judge was correct in ignoring the inference sought to be presented by the defendants that no proof was shown that the pins had not been removed prior to the early morning of October 14, 1966. The fact that Guetler checked the rear door on October 13, 1966, but failed to observe the outside of the door where the hinges are located does not lead to the conclusion that the pins were not present. It can reasonably be assumed that had they been removed on October 13, 1966, the burglar alarm would have sounded.

█ Furthermore, the testimony was that there were no places of business in the near vicinity that were open at the time the defendants were arrested. Although the defendants were not obligated to explain their presence at the scene, this circumstance when considered with the other facts weighs heavily against their innocence. The admission of the alleged bolt cutter found near defendant Bean was a substantial factor for the court's consideration even though it was not asserted that the instrument was used to commit the offense. People v. Hahn, 90 Ill App2d 367, 234 NE2d 142 (1967).

We are of the opinion that the trial judge drew reasonable inferences from the evidence presented. In our review of the record we have not experienced that grave and substantial doubt of the defendants' guilt that would require reversal of these judgments. People v. Sheppard, 402 Ill 347, 83 NE2d 587 (1949). Therefore, the judgments of the Circuit Court of Cook County are affirmed.

Judgments affirmed.

BURMAN, P. J. and MURPHY, J., concur.