(No. 45950.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JERRY LEE SEETS, Appellee.

*Opinion filed May 20, 1974.—Rehearing denied May 31, 1974.*

214

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Steward, Assistant Appellate Defender, of counsel), for appellee.

James R. Burgess, Jr., State's Attorney, of Champaign (Robert James Steigmann, Assistant State's Attorney, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Jerry Lee Seets was found guilty of armed robbery following a jury trial in the circuit court of Champaign County and sentenced to imprisonment for an indeterminate term of 4 to 10 years. He appealed the trial court judgment to the Appellate Court for the Fourth Judicial District. While his appeal was there pending, that court filed its opinion and entered its judgment in *People v. Ellis*, 10 Ill. App. 3d 216, holding unconstitutional the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—2) defining delinquent minors as "any boy who prior to his 17th birthday or girl who prior to her 18th birthday has violated or attempted to violate *** any *** state law", and providing (par. 702—7(1)) "*** no boy who was under 17 years of age or girl who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State

***" unless the procedure therefor provided by the Act was followed. In holding this age differential based upon the sex of the minor violated section 18 of article I of our 1970 Constitution, the appellate court remanded the cause to the trial court with directions to afford the defendant, who was 17 at the time the offense was committed, the rights under the Juvenile Court Act available to a girl of 17 at the time of the offense.

Based upon the appellate court opinion in *Ellis,* Jerry Lee Seets filed with that court his motion for summary reversal. The motion was allowed. Thereafter we allowed the State's petitions for leave to appeal in both *Ellis* and this case.

The *Ellis* case was taken under advisement following oral argument at our January 1974 Term, and an opinion was adopted at our March Term. (57 Ill.2d 127.) That opinion held section 2–7(1) of the Juvenile Court Act in force at the time of commission of the offense was invalid, and concluded the effect of the holding was "to render the statute inapplicable to both males and females who were not 'under the age of 17 years,' and that the failure to consider defendant eligible for treatment as a minor under its provisions did not deprive him of equal protection of the laws." (57 Ill.2d at 134.) We accordingly reversed the judgment of the appellate court remanding the cause for further proceedings, and affirmed the conviction.

Our opinion in *Ellis* is dispositive of the single issue before this court. However, defendant urges that other issues are presented by the record, but were not briefed in the appellate court because of allowance of the motion for summary reversal. In view of our reversal of that action, defendant is entitled to an opportunity to brief and argue to the appellate court such other issues as may be raised by the record before it. Accordingly, the judgment of the appellate court is reversed and the cause remanded to that court for consideration of such other issues as may properly be presented to it.

*Reversed and remanded.*