THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH WILSON *et al.*, Defendants-Appellants.

(No. 11864;

Fourth District—May 27, 1974.

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellants.

Everett L. Laury, State's Attorney, of Danville, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the defendants from sentences imposed by the trial court following a determination of guilt in a bench trial. Defendants Matthews and Reed were sentenced to a term of 5 to 12 years in the Illinois State Penitentiary for armed robbery and defendant Wilson was sentenced to a term of 7 to 15 years. In this court, it is contended (1) that the State failed to prove the defendant Reed guilty of armed robbery beyond a reasonable doubt, (2) that the prosecution of defendants Wilson and Matthews, each 17 years of age, as adults violated their constitutional rights and (3) the sentencing provisions of the Illinois statute concerning armed robbery are constitutionally excessive. The contentions made are without merit.

Wilson, Matthews, Reed and one Steven Westley went to a grocery store in Danville where they milled around until the customers left. Westley, who testified for the State, went outside and Matthews went to a door. Reed stood leaning against the counter between the grocery store clerk and Wilson. Matthews told the clerk to "put it all in the bag." Wilson pulled out a gun and said, "Put the money in the bag." Wilson then took the bag containing approximately $115. The boys ran out of the store, down the street, and thereafter divided the money. The evidence consists basically of the testimony of the clerk and the statements of the respective parties. Wilson's statement said that he and Joe Reed walked up to the counter, that he, Wilson, pulled the gun on the guy at the cash register and told him to give me all the bills. Matthews yelled at him and told him to put it in a sack. The gun belonged to Wilson's stepfather and was loaded at the time. Wilson also testified that the gun was at Reed's house. It was recovered and identified by Wilson. Reed stated that he was involved in the armed robbery of the grocery store, that he was leaning up against the counter, and Randy Matthews told the guy behind the counter, "I got a trick for you, put it all in the bag. The guy behind the counter thought Randy meant some potato chips and some stuff we had on the counter and when he said something, Kenny Wilson pulled out his gun and said, 'Put the money in the bag'. After the guy put the money in the bag, we all ran down Lake Street."

Reed also testified that the idea to hold up the store was Kenny Wilson's, and he had suggested it at a previous time, but couldn't get the gun until the day of the robbery. Sometime during that day, Wilson talked to the other defendants about going along on this because as Reed stated, "He [Wilson] came by my house and said that Randy and Steve wanted to come along, too." Reed likewise testified that Wilson did the actual stickup, and that Westley went outside to alert Matthews when everything was clear.

■■ It is urged that Reed did nothing more than stand at the counter and thus was a "silent" bystander. The circumstances above related, including the flight of all four together and the division of the money, may be taken as circumstances indicating that Westley was the lookout, Matthews was at the door, Wilson was the gunman and Reed was positioned to assist wherever was necessary. It is urged that since Reed did no affirmative act, he cannot be found guilty as a matter of law. This places a strained construction upon the facts of this case. It is quite true that mere presence at the scene of a crime is not in itself sufficient to sustain a conviction. (*People v. Tillman*, 130 Ill.App.2d 743, 265 N.E. 2d 904.) Presence at the scene of an offense and flight are circumstantial evidence which may tend to prove and establish the defendant's guilt. (*People v. Smith*, 127 Ill.App.2d 199, 262 N.E.2d 165; *People v. Manley*, 1 Ill.App.3d 693 274 N.E.2d 373.) A defendant's presence and flight are subject to explanation and in the light of all other circumstances their tendency to prove guilt may be diminished. (*People v. Washington*, 121 Ill.App.2d 174, 257 N.E.2d 190.) These cases as well as ours are readily distinguishable from *Manley* for the very cogent reason that in that case the defendant had a satisfactory explanation and was outside the building when the robbery was committed. There was no evidence of any prior knowledge that one was about to be committed. In *Washington*, the court recognized that a defendant's flight may be considered with the other evidence as tending to prove guilt. In *Washington*, however, the identity of the particular defendant was doubtful, vague and uncertain, and the complaining witness in that case was unable to make a positive identification. In *People v. Harris*, 105 Ill.App.2d 305, 245 N.E. 2d 80, the defendant offered an instruction which the court refused, requiring the State to prove beyond a reasonable doubt that the defendant actively assisted in the commission of the crime by aiding, abetting, or assisting in its commission. The court there held that it was not error to refuse the instruction and stated at page 315: "While mere presence or negative acquiescence is not sufficient to make a person a principal to a crime, one may aid and abet without actively participating in the offense; circumstances may show that there was a common design to

commit an offense and if this is so one may be guilty of the offense without actively assisting in its commission. Also, a person who is present when a crime takes place and does not oppose it may be guilty even though he is not an active participant. His presence and lack of opposition may be considered together with other facts and circumstances in determining whether he approved the crime and abetted its commission." It is abundantly clear in the case at bar that Reed knew of the plan to commit a robbery, met with the other boys for that purpose and that the gun used in the crime was recovered at his home. The circumstances just related together with the flight of the defendant Reed and his participation in the spoils of the robbery suggest beyond a reasonable doubt that he had knowledge of and was present in the grocery store to aid and abet the satisfactory completion of that crime.

Since Wilson and Matthews were over 17 but under 18 years of age, they contend that their conviction cannot stand because they were denied due process of law. This position was upheld in our opinion in *People v. Ellis*, 10 Ill.App.3d 216, 293 N.E.2d 189. Our Supreme Court reversed and remanded that case and held that the Juvenile Court Act does not apply to males over 17 years of age. (57 Ill.2d 127.) (See also *People v. Seets*, 57 Ill.2d 213.) Since both were more than 17 years of age, they were properly tried as adults.

■■ The argument that the sentences here imposed violated the philosophy of the 1970 Constitution which provides that "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship" need not long detain us. Under the new Code of Criminal Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1) armed robbery is a Class I felony with a minimum term of 4 years, unless the court giving consideration to the nature and circumstances of the offense and the history and character of the defendant imposes a higher minimum term. Both Wilson and Reed had prior criminal records. The sentences here imposed are well within the guidelines described by the legislature and do not appear to constitute a great departure from the fundamental law and its spirit and purpose, nor is the penalty imposed in excess of the philosophy prescribed by section 11, article I of the 1970 Constitution.

Accordingly, the judgment of the trial court should be and it is hereby affirmed.

Affirmed.

TRAPP and SIMKINS, JJ., concur.