THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS MATTHEWS, Defendant-Appellant.

First District (3rd Division)    No. 76-41

Opinion filed December 2, 1976.

Richard W. Stopka, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Loretta L. Hardiman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a bench trial, defendant Louis Matthews was convicted of burglary with intent to rape, and sentenced by the circuit court of Cook County to two years conditional discharge. The sole issue on appeal is whether defendant was proved guilty beyond a reasonable doubt.

We reverse.

The record discloses the following pertinent facts. Complainant, a married woman, testified that at about 2 o'clock on the afternoon of July 11, 1974, she was sitting alone in the living room of her home in West Rogers Park, a Chicago neighborhood, when she heard the unlocked back screen door open and close, followed by the sound of footsteps. Defendant walked into the living room, sat across from her and said, "You are wearing your ring." She ordered him to leave, and then defendant said, "I want to fuck you." He rose and started walking toward the rear of the house and said, "Why don't you call the police?" Defendant was known to complainant; he had been in her home the previous December to fix the clothes dryer. She said she would call the police, and ran out the front door. When she returned shortly thereafter with her next door neighbor at her side and the Chicago Police on the way, defendant was standing in her home, naked from the waist down. Patrolman Daniel Fisher testified that when he entered the home, defendant was sitting on the living room couch, naked from the waist down. The parties stipulated that if the next door neighbor were called to testify, that he would corroborate complainant's testimony as it concerned his assistance in the matter; that he walked into her home armed with a knife and encountered the semi-clothed defendant. At the close of the State's case, the defense moved for a finding of not guilty, which was denied. The defense then rested. The trial court found defendant guilty of burglary with intent to rape. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1.) Defendant was sentenced to

a two year conditional discharge. Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—2.

Defendant argues that he was not proved guilty beyond a reasonable doubt of burglary with intent to rape because there is no evidence demonstrating his intent to rape—to have sexual intercourse with complainant by force and against her will. At trial, defense counsel argued that the evidence showed the intent to fornicate or the intent to commit adultery, but not the intent to rape. Burglary requires the intent to commit either a felony or theft, and both fornication and adultery are misdemeanors, not felonies.

■■ The gravamen of the offense of burglary is the intent with which the building is entered, and the felonious intent must be proved beyond a reasonable doubt by the prosecution. (*People v. McCombs* (1968), 94 Ill. App. 2d 308, 236 N.E.2d 569.) The defendant's felonious intent to commit rape may be inferred from his words, actions, violence, and other conduct, and it is within the province of the trier of fact to consider all the facts and circumstances of the case in determining the question of intent. *People v. Maffioli* (1950), 406 Ill. 315, 320.

The State argues that the defendant's intent to rape is evidenced by his words, "I want to fuck you," spoken in the context of an illegal entry into the home of a woman alone. It is further argued that his nakedness upon her return reflects his intent to carry out his stated purpose despite her unwillingness.

■■ Having carefully examined the record on appeal, we must reach the conclusion that the evidence is insufficient to prove beyond a reasonable doubt that defendant intended to commit an act of intercourse through the use of force. At no time did he offer any violence to complainant; he did not menace her in any fashion; he did not attempt to stop her as she left the home. In fact, there is no indication that he reached for her or touched her. Furthermore, the act took place in the middle of the afternoon. His statement, although worded in the active and not in the subjunctive, does not, in itself, convey the impression that force was to have been a necessary ingredient of the proposed coupling. There is insufficient evidence as to defendant's alleged intent to use force, and the conviction must be reversed.

For the abovementioned reasons, the judgment of the circuit court of Cook County convicting defendant of burglary with intent to rape is reversed.

Judgment reversed.

MEJDA, P. J., and McNAMARA, J., concur.