*In re* JAMES VELEZ, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES VELEZ, Defendant-Appellant.)

First District (1st Division)   No. 78-1776

Opinion filed August 13, 1979.

James J. Doherty, Public Defender, of Chicago (Robert Guch, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

In February of 1977, a petition for adjudication of wardship was filed against the respondent alleging that he had committed the offense of burglary and was a delinquent minor. In describing the burglary the petition stated that the respondent had knowingly and without authority entered a building at 1300 North Wood Street in Cook County with the intent to commit a theft. After a hearing, the trial court found the respondent delinquent and adjudicated him a ward of the court. From that order respondent now appeals and contends that the State failed to prove beyond a reasonable doubt that he entered the premises with the requisite intent to commit a theft.

We affirm.

At the hearing on the petition, Officer Dale Altman testified that pursuant to a radio call, he and his partner proceeded in their squad car to a factory located at 1300 North Wood Street in Chicago. Upon arriving at the factory, Officer Altman noticed a large hole in one of the factory doors. He proceeded to enter the factory and saw the respondent inside. At that point, the respondent ran and, although he gave chase, Officer Altman lost sight of the respondent. The officers began to search the building and found a key to a locked washroom on a desk inside the building. The officers unlocked the washroom door and found the respondent hiding on the floor of the washroom inside the building.

The parties then entered into a stipulation at the hearing that Paul Keagan was an authorized representative of the Red Cross and Noodle Company, a company located at 1300 North Wood Street, and that if he were called to testify he would testify that the respondent had no permission to be on the factory premises.

Also testifying at the hearing was the respondent who indicated that he and a friend were drinking beer by the factory premises located near his home at 1326 North Wood Street. They saw the police approaching and ran inside the factory building. The squad car did not have its siren or Mars light in use at the time. The respondent referred to the building into which he ran as a noodle factory.

After hearing all of the above evidence, the trial court specifically stated that he did not believe the respondent's testimony. The trial court made a finding of delinquency and adjudicated the respondent a ward of the court.

■■ The respondent's only contention in this appeal is that the State failed to prove beyond a reasonable doubt that he entered the building with the requisite intent to commit theft. We disagree. It is well established that the gist of the offense of burglary is the entering of a building with a felonious intent (*People v. Clark* (1964), 30 Ill. 2d 216, 195 N.E.2d 631), and that the State need not prove that the defendant actually took anything to sustain the conviction. (*People v. Dennis* (1963), 28 Ill. 2d 525, 193 N.E.2d 14.) Although the intent to commit a felony or theft at the time of the unauthorized entry must ordinarily be proved circumstantially by inferences drawn from defendant's conduct (*People v. Collins* (1977), 53 Ill. App. 3d 114, 368 N.E.2d 685), the felonious intent must still be proved beyond a reasonable doubt. (*People v. Matthews* (1976), 44 Ill. App. 3d 342, 358 N.E.2d 84.) As stated in *People v. Polansky* (1972), 6 Ill. App. 3d 773, 776, 287 N.E.2d 747, 749-50:

> "Since a person's state of mind is not subject to direct proof, ordinary intent must be proved circumstantially by inference drawn from conduct. In the absence of inconsistent circumstances,

proof of unlawful entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. The inference is grounded in human experience which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose."

In the instant case, it is unquestioned that respondent's entry into the building was unlawful, that the respondent ran when he saw the police, and that he hid in a washroom to avoid the police. Moreover, although the respondent argues otherwise, the record indicates that the building was a factory and contained property that could be the subject of larceny. Both the stipulation entered into by the parties and the respondent's answers to questions asked him at the hearing indicated that the subject building housed a noodle factory. The testimony of the arresting officer indicated that there were items inside the building that could have been stolen. Moreover, although the State never introduced any other specific testimony pertaining to items of personal property housed inside the building, we believe that implicit in the testimony that the building housed a noodle factory is the fact that the building contained personal property that could be the subject of a larceny. In light of the above evidence, we conclude that the trial court properly ruled that the prosecution proved the intent to commit a theft beyond a reasonable doubt.

The respondent also argues that his testimony afforded a rational explanation for his behavior inconsistent with the trial court's conclusion that he entered the building with the intent to commit a burglary. We note, however, that the trial court specifically rejected the respondent's credibility in announcing its findings. We have often indicated that the trier of fact is in a better position than this court to judge the credibility of witnesses. (*People v. Gratton* (1966), 68 Ill. App. 2d 178, 215 N.E.2d 139.) We find no reason to question the trial court's judgment in the instant case.

For the foregoing reasons we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.