THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SAMMY L. DELP, Defendant-Appellant.

Fifth District    No. 79-156

Opinion filed June 17, 1980.

John H. Reid and Jeff M. Plesko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (William S. Zale and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

A jury in the Circuit Court of Randolph County found defendant, Sammy Delp, guilty of attempt burglary and possession of burglary tools. He received a sentence of four years imprisonment for the attempt; however, no sentence was imposed for his conviction for possession of burglary tools.

The following issues are raised on appeal: (1) whether defendant was proved guilty beyond a reasonable doubt; (2) whether the presence of uniformed prison guards at trial denied defendant his right to a fair trial; and (3) whether the conviction for possession of burglary tools should be vacated where it arose out of the same acts constituting attempt burglary.

Officer Wayne Young of the Sparta Police Department testified at trial that while on routine patrol at approximately 10 p.m. on the night of November 27, 1978, he observed defendant standing next to an automobile in a parking lot. Defendant had his back to the officer and was bent over a 1972 Mustang. The officer stated that he noticed a shiny

object, apparently a thin piece of steel, protruding from defendant's body. The officer became suspicious and drove into the parking lot to investigate. The officer related that when he saw the patrol car enter the lot, defendant crouched down momentarily and then ran into the shadows of a building abutting the parking lot. The officer trained a spotlight on the area into which defendant fled and discovered defendant standing in a corner formed by the junction of two buildings. The only escape route offered by the corner was the way defendant had entered. Defendant was ordered to the squad car and explained his presence in the corner by saying that he had gone there to relieve himself. The officer was skeptical of this explanation and searched defendant for weapons. He then searched the corner where he found a bent automobile antenna and a screwdriver near the spot where defendant had been standing. Next, the officer examined the Mustang and observed scratch marks on the driver's side window and rubber molding. A comparison was made of the distance between the bend in the antenna and one of its ends and of the distance between the driver's door lock button and the top of the window molding. The distances were approximately equal. Other vehicles in the lot were examined, and the officer was able to match the antenna with a severed antenna shaft on a vehicle parked approximately 50 feet from the Mustang. The officer further testified that from the moment he first observed defendant and until his arrest, no other person was present in or near the parking lot. During cross-examination, the officer stated that he did not see defendant in actual possession of the antenna or screwdriver.

Roberta Walker testified that she was the owner of the Mustang and that she never gave the defendant permission to enter her automobile. She also stated that her vehicle was locked when she went to retrieve it the morning after the incident and that she did not notice any damage to it.

Initially, defendant contends that the evidence at trial failed to prove beyond a reasonable doubt that he committed the crime of attempt burglary.

The crime of attempt is defined by section 8—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 8—4(a)) as follows:

"A person commits an attempt when with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

Under section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a)), a burglary of a motor vehicle is committed when:

"A person * * * without authority * * * knowingly enters or * * * remains within a * * *motor vehicle as defined in The Illinois Vehicle Code * * * with intent to commit therein a felony or theft."

Thus, it is the burden of the State to establish defendant's intent to

commit the offense of burglary and that defendant did any act which constituted a substantial step toward the commission of that offense.

Because of the very nature of the offense, proof of the elements of attempt burglary frequently must be made by circumstantial evidence. In considering the limitations the courts have placed on the proof of an offense by such evidence, our supreme court has stated:

> "To justify a conviction, circumstantial evidence must be of such a nature as to produce a reasonable and moral certainty that the accused committed the crime. Where the circumstances can be explained upon a reasonable hypothesis consistent with innocence and leave a serious and grave doubt of guilt, a conviction cannot stand. [Citations.]" *People v. Magnafichi* (1956), 9 Ill. 2d 169, 173, 137 N.E.2d 256, 258; *cf. People v. Bean* (1970), 121 Ill. App. 2d 290, 257 N.E.2d 558.

Defendant asserts that the circumstantial evidence presented by the State does not prove that he had the requisite intent to burglarize or that he performed a substantial step in the commission of a burglary. Support for this assertion centers primarily around the testimony of Officer Young and Ms. Walker. Officer Young stated that he did not see defendant –actually in possession of the antenna and screwdriver, and Ms. Walker stated that her automobile was locked and undamaged the morning after the incident. Thus, defendant argues that the State failed to prove that he possessed the antenna and the screwdriver or that he attempted to break into the Mustang. He states that the evidence at best merely places him at the scene of the crime. Since presence at the scene of an alleged offense is not of itself sufficient to sustain a conviction for attempt burglary, defendant concludes that the evidence did not produce a legal and moral certainty that he committed the offense.

The State argues that the requisite intent, as well as the performance by defendant of an act which constitutes a substantial step toward the commission of burglary, are established to a legal and moral certainty by evidence that (1) when the officer first observed defendant he was crouched over the Mustang and had a thin piece of steel protruding from his body; (2) the defendant fled when the officer entered the parking lot; (3) defendant was discovered standing in a corner near where the officer found the broken antenna and screwdriver; (4) the defendant's statement that he was in the parking lot because he had to urinate was incredible; and (5) the scratch marks on the Mustang indicate that defendant was in the process of making an illegal entry. The State reasons that defendant's intent to commit a burglary may be inferred from the proof it produced at trial. According to the State, proof that defendant did an act which constituted a substantial step toward the commission of a burglary is established by the fact that in addition to defendant being observed

crouched over the Mustang with a thin piece of steel protruding out from his body, scratch marks were found on the Mustang by the officer.

It is noteworthy that Officer Young at the preliminary hearing testified that when he first observed defendant, he was standing 12 to 24 inches from the Mustang and had what appeared to be a metal object in his right hand, while at trial he testified that defendant was "crouched" over the Mustang and that a thin piece of steel appeared to be protruding out of his body and not that it was in defendant's hand. Also worthy of note is the alleged victim's testimony that there was no damage of any type to her car.

Defendant relies on *People v. Toolate* (1976), 45 Ill. App. 3d 567, 359 N.E.2d 1062, as being supportive of his contention that the evidence did not establish his guilt of the offenses charged beyond a reasonable doubt. The State contends that the requisite evidence of guilt has been introduced at trial to establish defendant's guilt.

There can be little dispute as to the law applicable to this appeal. The cases cited by the parties are in agreement and are dispositive of the instant case. The controversy arises from the parties' application of the law to the evidence presented at the trial of this cause.

■■ It is well established in Illinois that intent may be inferred from the surrounding facts and circumstances, including the words and actions of an accused. (*People v. Semma* (1974), 19 Ill. App. 3d 776, 312 N.E.2d 746.) Further, an accused need not justify or explain his presence at or near the scene of a crime; however, if he chooses to do so while denying his guilt, he must tell a reasonable story or be judged by the improbability of his explanation. (*People v. Spagnolia* (1961), 21 Ill. 2d 455, 173 N.E.2d 431.) Although mere presence at the scene is not in itself sufficient to sustain a conviction, presence at the scene of an offense and flight are circumstantial evidence which may tend to establish the defendant's guilt. *People v. Wilson* (1974), 19 Ill. App. 3d 625, 312 N.E.2d 30; *cf. People v. Fletcher* (1978), 72 Ill. 2d 66, 377 N.E.2d 809; *People v. Bean.*

However, the rationale of these cases is controlled by the fundamental concept stated in *People v. Magnafichi.* The supreme court there held that to justify a conviction, circumstantial evidence must be of such a nature as to produce "a reasonable and moral certainty that the accused committed the crime." (9 Ill. 2d 169, 173, 137 N.E.2d 256, 258.) Further, the court in *People v. Bean,* one of the cases relied upon by the State, concluded that, based on the rationale of *Magnafichi:*

> "[I]t is the duty of a reviewing court to resolve all the evidence on the theory of innocence rather than guilt if that may be reasonably done." 121 Ill. App. 2d 290, 296, 257 N.E.2d 558, 561.

■■ In the case at bar, the evidence relied upon by the State is not of such a nature as to produce a reasonable and moral certainty that the

defendant committed the offense charged, nor may such evidence reasonably be resolved by this court on a theory of guilt rather than of innocence.

The State argues that defendant's guilt was established by proof that defendant was present at the scene of a crime and fled, attempting to hide in a dark corner near where the arresting officer found burglary tools consisting of a screwdriver and a broken automobile antenna. According to the State, proof that a crime had in fact been committed should be inferred from the evidence that defendant was seen crouched over the Mustang with a thin piece of steel protruding from his body and that the Mustang was later found to bear scratch marks indicating that defendant was attempting to burglarize it.

The evidence does not justify such an inference. To the contrary, the testimony of the alleged victim that there was no damage of any type to her Mustang prohibits such an inference. Applying the rationale of *People v. Magnafichi*, the evidence is not of such a nature as to produce a reasonable and moral certainty that a crime was committed. Further, if there is insufficient proof that a crime was in fact committed, defendant cannot be said to have fled the scene of a crime, nor could he be charged with giving an unreasonable explanation of his presence in the parking lot. We conclude, therefore, that defendant was not proved guilty of the offense of attempted burglary beyond a reasonable doubt and that his conviction for such offense should be reversed.

Because of our conclusion that the evidence does not establish that the crime of attempted burglary was committed, we further find that there is insufficient evidence to prove that the antenna and screwdriver were burglary tools or that defendant was in possession of them. Consequently, defendant's conviction for possession of burglary tools must be reversed, rendering it unnecessary for us to consider defendant's argument that such conviction should be reversed on the grounds that it was not a separate offense under the facts in the instant case.

Since we have reversed defendant's convictions, it is not necessary that we address the third issue raised by the defendant on appeal.

For the foregoing reasons, defendant's convictions for attempt burglary and possession of burglary tools and his sentence for attempt burglary are reversed.

Reversed.

HARRISON and SPOMER, JJ., concur.